UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 04-31-DCR |
| | ) | Civil Action No. 6: 08-7008-DCR |
| V. | ) | |
| | ) | |
| ALAN R. MANN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Petitioner Alan Mann's *pro se* motion to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255. [Record No. 223] Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B).

The Magistrate Judge filed his Recommended Disposition on October 17, 2008. [Record No. 241] Based on his review of the record and the applicable law, the Magistrate Judge recommended that Mann's motion be denied, with prejudice. The Magistrate Judge further recommended that Mann's request for an evidentiary hearing be denied and that the Court refuse to issue a Certificate of Appealability on any of the issues raised in his petition. [Record No. 241, p. 14-15]

Mann filed objections to the Magistrate Judge's Recommended Disposition on October 31, 2008. [Record No. 244] However, Mann's objections are merely a restatement of the issues

raised in his original petition.[1]  Mann has failed to explain or otherwise argue how the Magistrate Judge is mistaken with respect to the analysis contained in his Recommended Disposition.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal.  *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).  Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the Magistrate Judge's recommendations concerning disposition of the petition.

The Court has also conducted an independent review of the Petitioner's motion to supplement his petition and concludes that it is frivolous.  Accordingly, all relief requested by Mann will be denied and the Court will refuse to certify any issues for appeal.

**A.      The United States Proved A Conspiracy To Manufacture Over 50 Grams of Actual Methamphetamine – (Objection No. 2).**

Agent Dalrymple testified during trial concerning admissions made by Mann following his arrest on March 4, 2004.  During this interview, Mann admitted that, between September 1999 and October 2001, he and his co-Defendant manufactured between two and eight ounces

---

[1]      Mann also includes a "positive law" argument in his motion to supplement.  This issue has been addressed by the Magistrate Judge and will be considered below.

of methamphetamine every three weeks. He further admitted that, between April 2002 and March 2004, he and his co-Defendant produced one-fourth to one-half ounce of methamphetamine every two to three weeks. Based on these admissions, Agent Dalrymple conservatively estimated the quantity of methamphetamine produced during the first period to be 7.4 kilograms and the quantity of methamphetamine produced during the second period to be 160+ grams.

Mann asserts that the purity levels of 75% to 95% over-represented the actual purity of the methamphetamine he actually produced. However, as outlined in the Magistrate Judge's Recommended Disposition, even if a 20% purity level had been applied, the actual amount of methamphetamine produced by Mann would have easily exceeded 50 grams.[2] Thus, Mann has failed to show cause, prejudice or actual innocence which would support the relief requested in connection with this claim. *Bousley v. United States*, 118 S.Ct. 1604, 1611 (1998). Further, his claim of ineffective assistance is misplaced because this issue was raised by counsel at the conclusion of the government's case, but rejected by the Court.

### B. The United States Proved That Mann Possessed A Destructive Device In Violation Of 26 U.S.C. § 5681 – (Objection No. 3).

Contrary to Mann's assertion, the evidence presented during trial supported the jury's finding that the Petitioner possessed a destructive device in violation of 26 U.S.C. § 5681. As outlined by the Magistrate Judge, the device included an improvised timer and was made from copper pipe. Both ends of the pipe were soldered shut to prevent the escape of gasses. Mann's

---

[2] KSP Chemist Beverly Wagoner testified at trial that the purity level for methamphetamine typically ranges from 20% to 70%.

assertion that the device was simply a model rocket is frivolous. Again, Mann's attorney moved the Court to dismiss this claim at the close of the government's case. However, that motion was denied. Thus, in addition to the fact that Mann's attorney was not deficient with regard to this issue, his sufficiency of the evidence claim fails on the merits.

### C. The United States Proved That Mann Possessed A Firearm In Violation Of 18 U.S.C. § 922(g)(1) – (Objection No. 4).

Mann does not dispute that, at the time of his arrest, he was a convicted felon who was not entitled to possess a firearm. And evidence was presented that Mann owned the vehicle in which a weapon was found.

As the Sixth Circuit concluded, while there was no evidence that Mann was driving the vehicle at the time of his arrest, a rational jury could conclude that the Petitioner constructively possessed the weapon located within the vehicle. *United States v. Mann,* 195 F.App'x 430, 436-37 (6th Cir. 2006). And while Mann's counsel argued that this count should be dismissed, the Court denied that motion. Further, because the Sixth Circuit considered and properly rejected this claim, it may not be re-litigated through a habeas petition. *Jones v. United States,* 178 F.3d 790, 796 (6th Cir. 1999).

### D. Mann's Attorney Was Not Ineffective For Failing To File A Motion To Suppress – (Objection No. 5).

As the Magistrate Judge correctly noted, when an ineffective assistance of counsel claim is based on counsel's failure to file a motion to suppress due to an alleged Fourth Amendment violation, the Petitioner must prove as an initial matter that his Fourth Amendment claim has

merit. *Kinnelman v. Morrison,* 106 S.Ct. 2574, 2587-88 (1986). Mann cannot make such a showing here with respect to the search of the subject garage.

Local police arrived at the subject garage on February 26, 2004, after receiving complaints of drug trafficking at the location. Although Mann was not present, his mother was. Mann's mother was the actual owner of the garage and consented to the search. Mann's assertion that his mother lacked authority to authorize a search of the building is erroneous. Instead, it is clear that she had both actual and apparent authority to consent to the search and no evidence was presented to the contrary. *Illinois v. Rodriguez,* 110 S.Ct. 2793, 2797 (1990); *Pratt v. United States,* 214 F.App'x 532, 535 (6th Cir. 2007); and *United States v. Yarborough,* 852 F.2d 1522, 1534 (9th Cir. 1988).

Mann argues that the police should have known that he had sole authority over the garage based on ongoing surveillance of him. However, this assertion improperly ignores the fact that the ongoing investigation was being conducted by state police, not local police. It was the local police who conducted the search of the garage with the permission of Mann's mother. As the Magistrate Judge indicated in his Recommended Disposition, the state and local investigations were conducted independent of each other. [*See* Recommended Disposition, p. 11-12; Record No. 241.] Thus, because Mann has not demonstrated a legitimate claim of a Fourth Amendment violation, the Court need not examine the second prong of the analysis under *Strickland v. Washington,* 104 S.Ct. 2052 (1984).

> **E.      Mann's Attorney Did Not Provide Ineffective Assistance By Failing To Renew The Motion To Sever the Felon-In-Possession Charge From The Remaining Counts – (Objection No. 6).**

Contrary to Mann's assertion, on direct appeal, the Sixth Circuit did not indicate that, if counsel had renewed his motion to sever at the close of the evidence, the motion would have been granted. Further, Mann has not demonstrated that the refusal to sever the felon-in-possession charge from the remaining counts was erroneous. Based on the limiting instruction given by the Court, no prejudice occurred by virtue of the counts being tried together. *United States v. Makki,* 129 F.App'x 185, 189 (6th Cir. 2005); *United States v. Chambers,* 944 F.2d 1253 (6th Cir. 1991). Mann's assertion that his counsel was ineffective with respect to this issue is also lacking in merit.

### F. Charging Mann With Two Conspiracies Rather Than One Did Not Affect Mann's Sentence – (Objection No. 7).

Mann received a life sentence for each of the conspiracy charges under 21 U.S.C. §§ 841(a)(1) and 846. While the Sixth Circuit concluded that the evidence established only one continuous conspiracy, the court also determined that merging the two conspiracy charges "would have no practical effect on Mann's Sentence." *Mann,* 195 F.App'x at 435. As the Magistrate Judge further noted:

> Moreover, the Sixth Circuit found the "possibility that Man was prejudiced by the suggestion that he committed multiple" conspiracies to be "relatively low" because: the indictment itself charged Defendant with seven other crimes; Defendant's alternative argument, that he never stopped conspiring to manufacture meth, is equally prejudicial; and the District Court properly instructed that the "number of charges is no evidence of guilt" and "to separately consider the evidence that relates to each charge."

[*See* Recommended Disposition, p. 13; Record No. 241.]

The Court also agrees that Mann's argument that subsequent events could affect the remaining life sentence if one is invalidated is speculative and frivolous. Thus, in addition to

the fact that Mann may not re-litigate this issue decided adversely to him on direct review, the Court finds that he has not shown prejudice with respect to this claim.

### G. No Evidentiary Hearing Is Warranted Under The Facts Presented – (Objection No. 9).

As the Magistrate Judge correctly concluded, the record and clear legal authority conclusively refute Mann's claims. Thus, Mann is not entitled to an evidentiary hearing. 28 U.S.C. § 2255(b).

### H. Mann's Motion To Supplement Is Frivolous – (Objection Nos. 1 and 8).

On October 27, 2008, the Petitioner filed a motion to supplement his original petition to include an argument that the jurisdictional statute for criminal prosecutions, 18 U.S.C. § 3231, is void. Additionally, he seeks to add an argument that, under *Burgess v. United States,* 128 S.Ct. 1572, 1576 n.1 (2008), Title 21 of the United States Code has not been enacted as "positive law."[3] The Magistrate Judge found both of these arguments frivolous and the undersigned reaches a similar conclusion upon *de novo* review.

As indicated in footnote 8 of the Magistrate Judge's Recommended Disposition [Record No. 241, p. 14], Mann's claim that the Court lacks jurisdiction under 18 U.S.C. § 3231 is incorrect and has been rejected by other courts. *United States v. Miles,* 244 F.App'x 31, 33 (7th Cir. 2007); *United States v. Potts*, No. 07-3057 , 2007 WL 3036847, at *2 (3d Cir. October 18, 2007); *United States v. Risquet,* 426 F.Supp.2d 310, 311-12 (E.D. Pa. 2006). Further, his assertion concerning "positive law" is equally void of merit. Again, as observed by the

---

[3] The Court in *Burgess* unanimously affirmed a conviction under Title 21 of the United States Code.

Magistrate Judge, "whether Congress has or has not enacted particular statutes as positive law has no effect on the validity or enforceability of the statute at issue." [*See* Record No. 245, p. 2.] *Goldsby v. United States,* 152 F,App'x. 431, 440-41 (6th Cir. 2005) (rejecting a similar "positive law" argument); *Thomas v. United States,* No. 3:01cr179, 2008 WL 220743, at *8 (D. Conn. January 24, 2008) (rejecting a similar "positive law" argument as frivolous).

Because Mann's proposed amendment would be futile and would not alter the result in any respect, the Court will deny his motion to supplement. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420-21 (6th Cir. 2000).

Accordingly, it is hereby **ORDERED** as follows:

1.    The Court **ADOPTS** and **INCORPORATED** by reference the findings and recommendations contained in the Magistrate Judge's Recommended Disposition [Record No. 241].

2.    Mann's objections to the Magistrate Judge's Recommended Disposition [Record No. 244] are **DENIED**;

3.    Mann's Motion to Supplement Claim [Record No. 243] is **DENIED**;

Mann's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Record No. 223] is **DENIED**, with prejudice.

4.    Mann's request for an evidentiary hearing is **DENIED**;

5.    This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket;

6.    The Court refuses to issue a Certificate of Appealability as to any issue raised by Petitioner Mann because the Court concludes that the Petitioner has not made a substantial

showing of the denial of a constitutional right. Further, the Court concludes that reasonable jurists would not find the Court's assessment of the constitutional claims debatable or wrong.

This 17th day of November, 2008.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge