UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 04-31-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ALAN R. MANN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

A jury convicted Defendant Alan Mann on November 1, 2004, of eight counts related to his participation in a conspiracy to distribute methamphetamine. [Record No. 137] Specifically, Mann was found guilty of two counts of conspiring to manufacture and produce methamphetamine in violation of 21 U.S.C. § 846 (Counts 1 and 2), two counts of distributing a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Counts 3 and 4), two counts of possessing equipment used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6) (Counts 5 and 8), one count of possessing a destructive device in violation of 26 U.S.C. § 5861(d), and one count of knowingly possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). [Record Nos. 9, 137]

Prior to Mann's sentencing hearing, the government filed a notice pursuant to 21 U.S.C. § 851, stating that the defendant had two prior felony convictions: one federal conviction for possessing marijuana with the intent to distribute it and one state conviction for aggravated trafficking in marijuana. [Record No. 35] The defendant's prior convictions increased the

statutory penalty ranges for Counts 1 and 2 to a mandatory term of life imprisonment, for Count 3 to not more than 30 years imprisonment, and for Count 4 to not less than 10 years nor more than life imprisonment.  [*Id.* at p. 2]

Additionally, Mann's presentence investigation report ("PSR") reported a base offense level of 38 for Counts 1, 2, 3, and 4.  [PSR, ¶ 28]  After applying a two-level increase because Mann possessed dangerous weapons at the time of the offense and a three-level increase because his conduct involved manufacturing methamphetamine, the PSR lists an adjusted offense level of 43.  [*Id.* at ¶¶ 29, 30, 51] Mann's offense level combined with a criminal history category of VI yields a suggested guideline range of life imprisonment.  [*Id.* at ¶ 113] Mann was sentenced to life imprisonment on Counts 1 and 2, 30 years imprisonment on Counts 3 and 4, 20 years imprisonment on Counts 5 and 8, and 10 years imprisonment on Counts 6 and 9, to be served concurrently.   [Record No. 175] Mann is currently housed at Federal Correctional Institution ("FCI"), Beckley in West Virginia.

Mann has now filed a motion to reduce his sentence pursuant to Title 18 U.S.C. § 3582(c).  [Record No. 303] In support, he claims that changes in sentencing law and his efforts toward rehabilitation justify a sentence reduction.  He first argues that the First Step Act amended the list of predicate offenses that qualify for enhanced penalties, such that "under the current state of the law [the defendant] would not even be eligible for the enhanced penalties that mandated that he receive a life sentence on counts one and two . . . or the enhanced thirty year maximum on counts three and four."  [*Id.* at p. 8]; *see also* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5220 (Dec. 21, 2018).  He also contends that his extensive participation in therapy and work skills development programs while in prison supports compassionate release.  [*Id.* at pp. 9-14]  Finally, he argues that reducing his sentence

is consistent with sentencing factors under 18 U.S.C. § 3553(a) because he has already served over 18 years of his sentence, and because he poses a low risk of recidivism due to his advanced age. [*Id.* at pp. 14-16]

The United States objects to the motion. [Record No. 309] The government argues that any disparity between Mann's sentence and the penalty he would receive under the First Step Act does not constitute an extraordinary reason for relief because Section 401 of the First Step Act does not apply retroactively. [*Id.* at p. 5] The government also contends that the defendant's rehabilitative efforts, while commendable, "do not rise to the level of extraordinary and compelling reasons for relief." [*Id.* at p. 6] But even if Mann had presented an extraordinary reason in support of his motion, the government claims that reducing his sentence would be inconsistent with § 3553 factors, given the defendant's history of committing "very serious and violent crimes." [*Id.* at p. 8] The motion will be denied because Mann has presented no extraordinary reason for relief under Section 3582(c).

## I.

Under 18 U.S.C. § 3582(c), a court may reduce a defendant's sentence if: (1) it finds that "extraordinary and compelling reasons" support a reduction; (2) a reduction "is consistent with applicable policy statements issued by the [United States] Sentencing Commission"; and (3) the court considers "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable."[1] *United States v. Ruffin*, 978 F.3d 1000, 1004-05 (6th Cir. 2020). Compassionate-

---

[1] A court may reduce a defendant's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Mann has indicated that he exhausted administrative remedies with the Bureau of Prisons when the Warden at his institution did not respond to the inmate request that he filed on April 13, 2021.

release motions may be denied "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Because Section 3582(c) does not define what constitutes an extraordinary and compelling circumstance, district courts are vested with "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *See United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020).

## II.

### 1. Extraordinary and Compelling Reason for Relief

Mann initially argues that the disparity between his sentence and the sentence that he would have received had he been sentenced today constitutes an extraordinary and compelling circumstance warranting a sentence reduction. He contends that he is eligible for relief under Section 3582(c) because his prior felony convictions would no longer make him eligible for enhanced penalties under the First Step Act of 2018. [Record No. 303, p. 8]

Higher mandatory minimum penalties apply to a defendant convicted under 21 U.S.C. § 841 when the defendant has a prior conviction for a "serious drug felony" under 21 U.S.C. § 851. Section 401 of the First Step Act narrowed the scope of convictions triggering enhanced penalties under 21 U.S.C. § 851 and reduced the mandatory minimums applied to a defendant previously convicted of a serious drug offense. *See* Pub. L. No. 115-391, 132 Stat. 5220. First, the First Step Act amended the definition of "serious drug offense[s]" in the Armed Career Criminal Act ("ACCA") that yield higher mandatory minimums under 21 U.S.C. § 841(b)(1)(A). *See* 18 U.S.C. § 924(e)(2)(A) (defining a serious drug offense as "(i) an offense

---

[Record No. 303-1, p. 2] Because Mann has complied with procedural requirements, the Court will address his motion on the merits.

- 4 -

under the Controlled Substances Act (21 U.S.C. § 801 et seq.) . . . for which a maximum term of imprisonment of ten years or more is prescribed by law" or "(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."). The First Step Act also lessened the enhanced penalties that apply when a defendant has previously been convicted of a serious drug offense. For example, the Act reduced the mandatory minimum sentence for a defendant with two or more prior qualifying convictions from life imprisonment to 25 years imprisonment. *See Nathan James*, Cong. Rsch. Serv., R45558, *The First Step Act of 2018: An Overview* 8 (2019); *see also* 21 U.S.C. § 841(b)(1)(A).

Notably, Section 401 applies "only where 'a sentence for the offense has not been imposed as of [the] date of [the First Step Act's] enactment.'" *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) (quoting Pub. L. No. 115-391, 132 Stat. 5194). In *United States v. Wills*, the Sixth Circuit rejected a defendant's argument that his reduced sentence under the First Step Act constituted an extraordinary circumstance making him eligible for compassionate release. 997 F.3d 685, 688 (6th Cir. 2021). The defendant argued that under Section 401 of the First Step Act "he would not be subject to a 20-year mandatory minimum sentence because his prior felony drug conviction would not qualify as a 'serious drug felony' and therefore would not trigger the sentence enhancement." *Id.* The circuit court found that argument unavailing, as Section 401 "appl[ies] only to defendants who had not yet been sentenced as of December 21, 2018, the date of the First Step Act's enactment." *Id.* (citing Pub. L. No. 115-391, 132 Stat. 5194, 5220). The court explained that to hold otherwise would "circumvent Congress's expressed intent" to "withhold [the application of new penalties] from

defendants already sentenced." *Id.* (citing *Dorsey v. United States*, 567 U.S. 260, 280 (2012)); *see also United States v. Richardson*, 948 F.3d 733, 748 (6th Cir. 2020) ("Congress has, in essence, drawn a line in the sand. Defendants sentenced after December 21, 2018, may benefit from Congress's amendment to § [841(b)(1)(A)], but defendants sentenced before that date cannot.").

In *United States v. McCall*, the Sixth Circuit affirmed the holding in *Wills* by recognizing that Section 401 of the First Step Act does not apply retroactively. --F.4th--, 2022 WL 17843865 (6th Cir. Dec. 22, 2022) (en banc). The *McCall* court explained that a reduced penalty under Section 401 does not constitute an extraordinary and compelling circumstance justifying compassionate release, as "Congress expressly chose not to apply [the changes in § 401] to defendants sentenced before the passage of the Act." *Id.* at *7.

Mann argues that his prior convictions do not meet the criteria of a "serious drug offense" as defined pursuant to the First Step Act because both convictions carry a maximum sentence of 5 years imprisonment. Regardless of whether Mann's predicate crimes constitute "serious drug offenses," he cannot show that the First Step Act applies to his case. Mann was sentenced on March 7, 2005, or almost 14 years before the First Step Act's enactment. [*See* Record No. 173.] Because Section 401 applies only to defendants who had not yet been sentenced at the time the First Step Act was enacted, the possibility that Mann would receive a lesser sentence under the Act does not make him eligible for compassionate release. As the Sixth Circuit cautioned, "if a district court were to reduce a sentence solely because . . . [a statute's] non-retroactive amendments would have lowered a defendant's sentence, it might be seen as substituting its own judgment on retroactivity for Congress's judgment." *McCall*, 2022 WL 17843865, at *7 (quoting *United States v. Ruvalcaba*, 26 F.4th 14, 27 (1st Cir. 2022)).

- 6 -

Relatedly, Mann's argument that a potential sentencing disparity constitutes an extraordinary and compelling circumstance is not made more compelling by the fact that Mann was sentenced to a term of life imprisonment. "Nonretroactive legal developments do not factor into the extraordinary and compelling analysis," even when the defendant initially received a life sentence. *Id.* at \*15; *see also United States v. McGee*, 992 F.3d 1035, 1047-48 (10th Cir. 2021) ("[T]he fact that a defendant is serving a pre-First Step Act mandatory life sentence . . . cannot, standing alone, serve as the basis for a sentence reduction under § 3582(c)(1)(A)."). Regardless of the severity of Mann's initial sentence, his claim that the First Step Act constitutes an extraordinary circumstance warranting a sentence reduction fails because he cannot show that Section 401 applies to him.

Next, Mann claims that his good behavior post-sentencing constitutes an extraordinary and compelling reason for relief under Section 3582(c). He argues that his extensive involvement in behavioral therapy and skills development programs while incarcerated reduce the likelihood that he would recidivate upon release, which entitles him to a sentence reduction. [Record No. 303, pp. 8-13] The government disagrees, arguing that Mann's participation in BOP programming, while commendable, does not constitute an extraordinary circumstance. [Record No. 309, pp. 5-6]

The Sixth Circuit has repeatedly held that a defendant's post-conviction rehabilitation standing alone does not render him eligible for compassionate release. *See McCall*, 2022 WL 17843865, at \*11 ("[R]ehabilitation . . . cannot by itself justify a sentence reduction."); *United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020); *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at \*4 (E.D. Ky. Dec. 29, 2020); U.S.S.G. § 1B1.13 cmt. n. 3 ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for

purposes of this policy statement."). Mann admits as much in his motion. [*See* Record No. 303, p. 8.] Mann's achievements in therapy and skills development programs, even if significant, do not justify reducing his sentence, either alone or in combination with other reasons asserted by the defendant.

Finally, Mann mentions that he is nearly 67 years old, suggesting that his advanced age should entitle him to some form of relief. [Record No. 303, p. 13] The Sentencing Guidelines, although not binding, provide guidance regarding when a defendant's advanced age constitutes an extraordinary and compelling circumstance. Under Section 1B1.13 of the guidelines, compassionate release is warranted due to a defendant's advanced age when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment." U.S.S.G. § 1B1.13, cmt. n.1(B).

Mann meets the first and third requirements under the guidelines: he is close to 67 years old and has served over 10 years of his sentence. But he has not shown how his advanced age has led to any physical or mental ailments under Section 1B1.13(ii). *United States v. Davis*, No. CR-09-131, 2022 WL 901433, at *2-3 (D. Ariz. Mar. 28, 2022) (denying compassionate release for 70-year-old defendant with HIV, kidney disease, and obesity because he failed to show that he risked contracting a severe illness while incarcerated); *see also United States v. Haney*, 454 F. Supp. 3d 316, 322–23 (S.D.N.Y. Apr. 13, 2020) ("[I]f [the defendant's] age alone were a sufficient factor to grant compassionate release in these circumstances, it follows that every federal inmate in the country above the age of 60 should be released from detention, a result that does not remotely comply with the limited scope of compassionate release."). Mann has not shown that his age puts him at risk of health complications or severe illness. In

short, Mann's age (either standing alone or in combination with other grounds he asserts) is insufficient to justify a sentence reduction.

### 2.  § 3553(a) Factors

Finally, even if Mann had presented an extraordinary and compelling reason justifying a sentence reduction, granting his motion would not be consistent with statutory sentencing factors.   Under 18 U.S.C. § 3553(a)(1)-(2), the undersigned considers "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" and "to protect the public from further crimes of the defendant."  These factors weigh against granting the relief requested by the defendant.

As the United States correctly indicates, Mann has an extensive criminal history and is a career offender under § 4B1.1 of the guidelines.  [PSR, ¶¶ 63-66; Record No. 309, pp. 6-8] Additionally, the PSR applied several enhancements to the defendant's base offense level to account for the severity of Mann's conduct.  [PSR, ¶¶ 29, 30] When all information was considered at the time of sentencing, the Court determined that life imprisonment was warranted.  As noted during the sentencing hearing, given Mann's significant criminal history, "if [Mann] were to be released, it would appear that he would soon be back before this Court." [Record No. 205, p. 10] To release Mann at this time would neither give due weight to this earlier determination nor would such action reflect the seriousness of the offense for which he is currently incarcerated.   And the relief sought would not provide general or specific deterrence.

**III.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that the defendant's motion for compassionate release [Record No. 303]

is **DENIED**.

Dated: December 30, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky